UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK KOKOSZKI, individually and
on behalf of others similarly situated,

  Plaintiff,          Civil Action No. 19-CV-10302

vs.               HON. BERNARD A. FRIEDMAN

PLAYBOY ENTERPRISES, INC.,

  Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

  This matter is presently before the Court on defendant's motion for leave to file a third-party complaint [docket entry 25]. Plaintiff has filed a response in opposition, and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

  This is a class action in which plaintiff alleges that defendant violated his rights under the Preservation of Personal Privacy Act, Mich. Comp. Laws § 445.1712, by "disclos[ing] personal information about [his] Playboy magazine subscription to data aggregators, data appenders, data cooperatives, and list brokers, among others, which in turn disclosed his information to aggressive advertisers, political organizations, and non-profit companies. As a result, [plaintiff] has received a barrage of unwanted junk mail." Compl. ¶ 1.

  Defendant answered the complaint on April 1, 2019. Over the next several months, with the assistance of an experienced mediator, the parties engaged in extensive settlement negotiations, and in January 2020 they entered into a settlement agreement. On February 7, 2020, the Court granted plaintiff's unopposed motion to approve the settlement

preliminarily, certify the settlement class, appoint a class representative and class counsel, and approve a notice plan. On March 16, the Court scheduled a hearing for final approval of the settlement for June 10.[1] Plaintiff's motion for attorney fees will be heard that day as well.

Defendant filed the instant motion on April 21, 2020. It seeks leave to file a third-party complaint against two entities, PubWorx Services LLC ("PubWorx") and Specialists Marketing Services Inc. ("SMS"), which, defendant alleges, "are contractually obligated to indemnify Playboy for all losses Playboy incurred as a result of the breaches of Third Party Defendants' duties under their respective contracts." Proposed Third-Party Compl. ¶ 4. Plaintiff opposes the motion.

Defendant's motion is governed by Fed. R. Civ. P. 14(a)(1), which states that a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." As this Court has stated,

> [t]hird-party pleading "is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 806 (6th Cir. 2008). "Whether to permit impleader is within the district court's discretion." *Aetna Cas. & Sur. Co. v. Dow Chem. Co.*, 933 F. Supp 675, 687 (E.D. Mich. 1996). The rule "encourages efficiency by permitting related claims to be tried in one action," and therefore should be liberally construed. *Id.* In making its decision, the Court must consider "competing interests, such as the need to avoid duplicative

---

[1] The final approval hearing had been set for May 13, but on March 13 the parties jointly requested that this hearing date be postponed "due to a delay in procuring the putative class list from Playboy's third party list management service." Joint Mot. to Extend Dates at 1.

> litigation versus ensuring that the parties already before the Court receive reasonably expeditious adjudication." *S. Macomb Disposal Auth. v. Model Dev., LLC*, No. 11-cv-12715, 2013 WL 607840, at *4 (E.D. Mich. Feb. 19, 2013).

*CSX Transp., Inc. v. Fiber Techs. Networks*, No. 2:15-CV-10976, 2015 WL 13039535, at *1 (E.D. Mich. July 1, 2015). In deciding such a motion, "timeliness is an important factor." *S. Macomb Disposal Auth.*, 2013 WL 607840, at *4. Indeed, the Sixth Circuit has stated that "the timeliness of the motion is an urgent factor governing the exercise of such discretion." *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). *See also* C. Wright & A. Miller, Federal Practice and Procedure § 1443 (3d ed.) ("an unreasonable delay by defendant in seeking impleader, which causes substantial prejudice to plaintiff's ability to maintain the action, may constitute an appropriate ground for denial of impleader").

In the present case, defendant's motion is grossly untimely. As noted, defendant answered the complaint on April 1, 2019. Defendant did not file the instant motion until a little more than *one year* later (after the case was preliminarily settled and final approval of the settlement was imminent), although it was aware of its indemnification claims against PubWorx and SMS at the time it answered the complaint or very shortly thereafter.[2] Not only is defendant's motion unreasonably untimely on its face, but it also comes many months after the June 28, 2019, deadline set by the Court's June 3, 2019, scheduling order for the amendment of pleadings. That deadline, like all others in the scheduling order, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Defendant has not

---

[2] Attached to defendant's motion as Exhibits 4 and 5 are copies of letters defendants sent, respectively, to PubWorx's predecessor on April 3, 2019, and to SMS on June 18, 2019, demanding indemnification.

3

requested modification of the scheduling order, it has not shown good cause to modify it by pushing back the deadline for amending the pleadings by ten months, and the Court has not consented and does not consent to such a modification.

Further, the parties agreed, and on February 7, 2020, the Court ordered, as part of the preliminary settlement in this matter that "[a]ll further proceedings in the Action are *ordered stayed* until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement." Order Granting Prelim. Approval of Class Action Settlement Agreement ¶ 23 (emphasis added). The filing of the instant motion violates the Court's stay order.

Defendant attempts to justify the extreme tardiness of this motion on the grounds that it has been negotiating with PubWorx and SMS, beginning in April 2019, in an attempt to persuade them to indemnify defendant. Defendant states that "[f]or months, Playboy has been attempting to recover all or part of its anticipated settlement costs from its indemnitors. After multiple rounds of demand letters, phone conferences, and requests to mediate their dispute, it has become clear that these third parties will not budge." Def.'s Mot. at 2. Defendant also argues that it would be more efficient to resolve its indemnification claims in the instant case rather than litigating these claims separately.[3] That may be true, but it does not explain why defendant did not move promptly to implead these potentially liable third parties. While defendant was negotiating with them, month by month this case was proceeding towards

---

[3] Defendant also argues that it needs indemnification from PubWorx and SMS in order to fund the settlement. Assuming this is true, it does not explain defendant's delay in seeking to bring them into this case.

4

settlement. At this late date, when the case has been preliminarily settled and the final approval hearing is less than one month away, it would not be fair to plaintiff or the class he represents to further delay final resolution or indeed risk derailing the settlement agreement, as the proposed third-party defendants, according to defendant, intend to challenge the settlement's reasonableness. Defendant, on the other hand, will suffer no prejudice if its motion is denied because it may pursue its indemnification claims in a separate lawsuit. Accordingly,

IT IS ORDERED that defendant's motion for leave to file a third-party complaint is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: May 18, 2020
Detroit, Michigan