# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK KOKOSZKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAYBOY ENTERPRISES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-10302-BAF-RSW<br><br>Hon. Bernard A. Friedman<br><br>Mag. Judge R. Steven Whalen |

## PLAINTIFF'S MOTION FOR EXTENTION OF TIME TO FILE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Dated: May 19, 2020

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
          pfraietta@bursor.com

**HEDIN HALL LLP**

Frank S. Hedin
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinhall.com

*Class Counsel*

Plaintiff Mark Kokoszki, through undersigned Class Counsel, respectfully moves for a one-week extension of time to file his motion for final approval of the Parties' Class Action Settlement Agreement[1], and in support states as follows:

## BACKGROUND

1.  On January 31, 2020, the Parties executed a binding Class Action Settlement Agreement to resolve this action. ECF No. 18-2 (hereinafter, the "Settlement Agreement"). The Settlement Agreement states in pertinent part:

> No later than twenty-eight (28) days after the execution of this Agreement, Defendant shall produce an electronic list from its records that includes all of the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to Persons within the Settlement Class. Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose this information as stated in this paragraph, consistent with the written consent provisions of the PPPA. This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel.

Settlement Agreement ¶ 4.1(a). Thus, by no later than February 28, 2020, the Settlement Agreement required Defendant to produce to the Settlement Administrator a "Class List" comprised of "all of the names, last known U.S. Mail

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as ascribed to them in Section 1 ("Definitions") of the Settlement Agreement (ECF No. 18-2 at 5-14). ECF pagination is used herein for all citations to materials in the record.

1

addresses, and email addresses, to the extent available, belonging to Persons within the Settlement Class." *Id.* The Settlement Agreement required the Settlement Administrator to thereafter send the Notice directly to each of the Persons identified on the Class List following the Court's entry of the Preliminary Approval Order, *see* Settlement Agreement ¶ 4.1(b), and to then send pro-rata monetary payments to all Persons identified on the Class List who did not exclude themselves from the Settlement following the Court's entry of the Final Judgment, *see* Settlement Agreement ¶ 2.1.

2.   On February 7, 2020, the Court issued the Preliminary Approval Order (ECF No. 19), which set, inter alia, deadlines for the Settlement Administrator to directly mail the Notice to all Settlement Class members and for Plaintiff to file a motion for final approval of the Settlement. The Preliminary Approval Order scheduled a final Fairness Hearing for May 13, 2020.

3.   Defendant failed to provide the Class List to the Settlement Administrator by the February 28, 2020 deadline set forth in the Settlement Agreement.

4.   On March 3, 2020, Defendant's counsel informed Class Counsel that Defendant needed additional time to retrieve the Class List from its vendor and provide it to the Settlement Administrator. Class Counsel informed Defendant's counsel that in light of Defendant's failure to have timely provided the Class List

to the Settlement Administrator, which the Settlement Administrator needed to effectuate the Notice Plan, the Parties would be forced to seek from the Court an extension of the remaining deadlines pertaining to the Settlement. Thus, on March 13, 2020, the Parties filed a joint motion "to extend the schedule for settlement notice and approval by three weeks." (ECF No. 21 at 2.) Defendant represented in the Parties' joint motion that, as of March 13, 2020, the Class List "has now been provided to the settlement administrator[.]" (*Id.* at 1.) Additionally, on March 10, 2020, Defendant's counsel sent an e-mail to Class Counsel stating that "we've provided the class list to the settlement administrator."

5. The Class List that Defendant provided to the Settlement Administrator on or about March 10, 2020 contained the names and addresses of 10,665 individuals. When Class Counsel requested confirmation from Defendant's counsel that the list Defendant had provided to the Settlement Administrator was the complete Class List, reflecting the names and addresses of all Settlement Class Members, Defendant's counsel confirmed that they had provided the complete Class List to the Settlement Administrator.

6. On or shortly before March 27, 2020, the Settlement Administrator successfully disseminated the Notice directly to over 97% of the Settlement Class Members listed on the Class List that the Defendant had provided.

7. On May 13, 2020, over a month and a half after the Notice had been

3

successfully disseminated to nearly all of the Settlement Class Members listed on the Class List that the Defendant had belatedly provided to the Settlement Administrator, the Parties spoke by telephone at Class Counsel's request. The purpose of the call was for Plaintiff to meet and confer with Defendant regarding a motion he had planned to file for the Fairness Hearing to be held telephonically in light of the pandemic.  During this call, Defendant's counsel informed Class Counsel that they had reason to believe that the Class List they had provided to the Settlement Administrator on or about March 10, 2020 (and which the Settlement Administrator had subsequently used to disseminate the Notice) was an incomplete list, and that Defendant's vendor would likely be providing them with an updated Class List reflecting approximately 16,000 names and addresses for Settlement Class Members, although they insisted that nothing was definitive at that time and that they had no idea whether this would in fact occur.  Class Counsel asked several questions concerning this newly found Class List, the circumstances under which it was found, and the timing of its discovery (the eve of the Fairness Hearing), but Defendant's counsel had few answers to these questions.  Class Counsel demanded that Defendant's counsel provide answers to their questions and determine whether there were in fact approximately 16,000 Settlement Class Members in sufficient advance of the May 20, 2020 deadline for Plaintiff to file his motion for final approval (to permit Plaintiff to seek the appropriate relief from the

Court in advance of that deadline if necessary).

8. In the morning of May 19, 2020, Defendant's counsel informed Class Counsel by telephone that Defendant's vendor had located and provided to Defendant's counsel a new list reflecting the names and addresses of approximately 22,000 Settlement Class Members. During the call, Class Counsel asked several questions concerning this purported new Class List and the circumstances under which it was located by Defendant's vendor, but again Defendant's counsel had few answers. Class Counsel also asked to be provided a copy of the new Class List, to speak with Defendant's vendor concerning the new Class List, and to be provided a sworn declaration from Defendant's vendor that attests to the completeness and accuracy of the new Class List. As of the filing of this motion, Defendant's counsel has not provided Class Counsel with a copy of the new Class List, has not arranged for a call between Class Counsel and Defendant's vendor, and has not provided Class Counsel a declaration from Defendant's vendor.

9. Tomorrow, May 20, 2020, is the deadline for Plaintiff to move for final approval of the Settlement.

## BASIS FOR THE REQUESTED RELIEF

10. Class Counsel request an additional week to file Plaintiff's motion for final approval of the Settlement in order to (1) obtain a copy of this newly found

5

~22,000-member Class List from Defendant's counsel; (2) obtain a sworn declaration from Defendant's vendor (called "Palm Coast Data" according to Defendant's counsel) attesting to the completeness and accuracy of this new Class List; and (3) assuming both of these things occur, coordinate with Defendant's counsel to jointly request relief from the Court sufficient to remedy Defendant's provision of an incomplete Class List to the Settlement Administrator the first time around.  Such relief would include sending a revised Notice to all ~22,000 Settlement Class Members (indicating an estimated $110 per-person recovery as opposed to the estimated $220 per-person recovery provided in the Notice that has already been disseminated), reopening the objection and exclusion periods, resetting the deadline for Plaintiff to move for final approval of the Settlement, and rescheduling the Fairness Hearing.

11.  Thus, in the event Defendant's counsel provides Class Counsel with a new ~22,000-member Class List and Defendant's vendor attests to its accuracy and completeness within the next week, Plaintiff will seek (likely on a joint basis with the Defendant) the aforementioned relief from the Court prior to any revised deadline for Plaintiff to move for final approval that is entered by the Court in response to the instant motion.[2]  However, in the event Defendant does not deliver

---

[2]  Additionally, in the event it is necessary for the Parties to jointly seek this relief, Class Counsel also intend to seek an order from the Court requiring that all of the costs and fees billed by the Settlement Administrator to date (in connection

6

a revised ~22,000-member Class List to Class Counsel or Defendant's vendor does not attest to the accuracy and completeness of that revised Class List within the next week, then Plaintiff will file his motion for final approval by any revised deadline set by the Court in response to the instant motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests a one-week extension of time, through and including May 27, 2020, to move for final approval of the Settlement.[3]

Dated:  May 19, 2020                    Respectfully submitted,

**MARK KOKOSZKI**,

By:  */s Frank S. Hedin*
One of Plaintiff's Attorneys

Frank S. Hedin
fhedin@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

---

with its dissemination of the Notice to individuals on the incomplete Class List provided by Defendant) be borne exclusively by the Defendant (i.e., paid in addition to, as opposed to paid out of, the $3.85 million Settlement Fund that Defendant will establish for the Settlement Class's benefit pursuant to the Settlement Agreement).

[3]     Defendant's counsel has advised Class Counsel that Defendant does not oppose Plaintiff's request for a one-week extension of the deadline to move for final approval of the Settlement.

7

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

*Class Counsel*

Nick Suciu III
nicksuciu@bmslawyers.com
**BARBAT, MANSOUR & SUCIU PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301
Tel: 313.303.3472

*Additional Counsel for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

I, Frank S. Hedin, an attorney, hereby certify that on May 19, 2020, I served the above and foregoing ***Plaintiff's Extension of Time to File Motion for Final Approval of Class Action Settlement*** on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

*/s Frank S. Hedin*
Frank S. Hedin
